UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FORRETT, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WEST THOMAS PARTNERS, LLC d/b/a GFB,<br><br>Defendant. | Case No. 22-cv-02048 NC<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF 27 |

In this case, Plaintiff John Forrett challenges labeling representations made on products sold as "The GFB Gluten Free Bites" by Defendant West Thomas Partners, LLC, doing business as GFB.  Forrett asserts that the products are misleadingly labeled as "PROTEIN PACKED" despite not being high in protein.  First Amended Complaint (FAC), ECF 22 at ¶ 4.[1]  According to Forrett, this description is substantiated by "prominently making protein claims on the Principal Display Panel and the back of the packaging while also omitting the Percent Daily Value for protein in the Nutrition Facts panel on the Products' labels." FAC at ¶ 5.  These practices, according to Forrett, mislead him to believe that consuming the products would provide an "excellent source of protein." FAC ¶ 10.

---

[1] "Products" is defined in the First Amended Complaint to include Dark Chocolate Coconut, Dark Chocolate Peanut Butter, Coconut Cashew Crunch, Chocolate Cherry Almond, Dark Chocolate Almond, and Peanut Butter. ECF 22 at n.1.  Forrett specifies that that definition is not exhaustive and will include similarly marketed products.  *Id.*

Forrett seeks to represent three classes under Federal Rule of Civil Procedure 23 and the Class Action Fairness Act: (1) a California Class; (2) a Multi-State Consumer Class; and (3) a Nationwide Class. FAC ¶ 66.

The operative First Amended Complaint alleges six claims for relief: (1) violation of State Consumer Protection Statutes on behalf of the Multi-State Consumer Class; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (3) violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500; (4) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 ("CLRA"); (5) Breach of Express Warranties; and (6) Unjust Enrichment. ECF 22. Forrett, on behalf of himself and the class, demands declaratory relief; damages, restitution, and disgorgement; punitive damages; injunctive relief; interest; and attorneys' fees, costs, and expenses of the suit. FAC ¶ 133.

All parties have consented to the jurisdiction of a U.S. magistrate judge pursuant to 28 U.S.C. § 636(c)(1). ECF 4, 14.

Now before the Court is Defendant GFB's Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF 27. For the reasons explained below, Defendant's motion to dismiss is GRANTED. Leave to Amend is GRANTED in the interest of justice, as the Court finds that amendment would not be futile.

I.  **FACTS**

   **A.  Allegations in the First Amended Complaint**

This section relies on the facts pleaded in the First Amended Complaint. For the purposes of a Motion to Dismiss, the Court accepts all well-pleaded facts as true and will construe all facts in the light most favorable to Plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *South Ferry LP, No. 2. v. Killinger*, 542 F.3d 776, 782 (9th Cir. 2008).

Forrett, a California resident, alleges that Defendant's GFB Gluten Free Bites products misled consumers with the statement "protein packed" on the label. FAC ¶¶ 1-4.

2

Forrett alleges he purchased Defendant's Dark Chocolate + Peanut Butter Gluten Free Bites at a CVS store in San Jose, California, in May 2020. *Id.* at ¶ 8. He further alleges that "In making his purchase, Plaintiff relied upon Defendant's labeling and advertising claims, namely, the 'protein packed' representations and omissions made on the front and back of the Product's packaging." FAC ¶ 8.

According to Forrett, Defendant's GFBs contain a claim on the front of the package "RIDICULOSULY TASTY. PROTEIN PACKED." FAC ¶ 19. On the back the product is further referred to as a "protein-packed craveable snack." *Id.* at ¶ 19. The front package states at the top "4G Plant Protein/110 Calories." *Id.* at ¶ 19 (picture). Further, the Nutrition Facts panel on the back label of the Gluten Free Bites discloses that the product contains 4 grams of protein per serving. *Id.*

Forrett also claims that Defendant failed to provide the daily recommended value of protein on the Nutrition Facts, as required for products making claims related to protein content pursuant to 21 C.F.R. § 101.9(c)(7). *Id.* at ¶¶ 29- 31, as well as state and federal law. *Id.* at ¶¶ 23-24. He alleges that by "artfully omitting" the daily recommended value of protein in a product containing anything less than 10 grams of protein per serving, Defendant's "protein packed" claim misleads and deceives consumers that its products are excellent sources of protein. *Id.* at ¶¶ 32-33. Forrett further alleges common to all claims for relief that Defendant "intended to deceive Plaintiff and putative Class Members by labeling and marketing its Products as purportedly high-protein products." *Id.* at ¶ 50.

In the FAC, Forrett also alleges that the quantity of protein in the Gluten Free Bites is misleading because not all the protein is digestible and of the same "quality." *Id.* at ¶¶ 34-38. As such, Forrett argues that the PDCAAS[2] score is the method of protein measurement that accounts for the quality and digestibility of the protein. *Id.* at ¶ 39. Forrett specifically takes issue that plant proteins have a lower PDCAAS score and are

---

[2] The Protein Digestibility Corrected Amino Acid Score ("PDCAAS") is the FDA mandated measure of protein quality, and it accounts for both the amino acid profile and the digestibility of the protein. 21 C.F.R. § 101.9(c)(7)(ii).

3

allegedly "low-quality proteins" because of the PDCAAS score. *Id*. at ¶¶ 40-46.

**B.      Class Definitions and Allegations**

As noted above, Forrett brings this case on behalf of three putative classes defined as follows in the FAC at ¶ 66:

- California Class: All persons who purchased Defendant's Products within the State of California and within the applicable statute of limitations.
- Multi-State Consumer Class: All persons in the States of California, Florida, Illinois, Massachusetts, Minnesota, Missouri, New Jersey, New York, Pennsylvania, Oregon, and Washington who purchased the Products.
- Nationwide Class: All persons who purchased Defendant's Products within the United States and within the applicable statute of limitations period.

Additionally, Forrett alleges common questions of law and fact on behalf of the classes, including:

- whether Defendant misrepresented material facts concerning the Products on the label of every product;
- whether Defendant omitted material facts concerning the Products on the label of every product;
- whether Defendant's conduct was unfair, misleading, and/or deceptive;
- whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon them by Plaintiff and the classes
- whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;
- whether Defendant breached express warranties to Plaintiff and the classes;
- whether Plaintiff and the classes have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages. FAC at ¶ 69.

### C. Photos Attached to the Motion to Dismiss

In addition to those label photographs included in the First Amended Complaint, attached in a declaration to the Motion to Dismiss are several other photographs of the labels relevant to this case. ECF 27-1. These include Dark Chocolate + Almond Gluten Free Bites; Peanut Butter Gluten Free Bites; Dark Chocolate + Coconut Gluten Free Bites; Coconut + Cashew Gluten Free Bites; Chocolate + Cherry + Almond Gluten Free Bites; and Dark Chocolate + Peanut Butter Gluten Free Bites. The photographs were provided by Elliott Rader, a co-founder and officer of West Thomas Partners, LLC. Defendants have not requested that the Court take judicial notice of these photographs. On a Motion to Dismiss, the Court is generally limited to consideration of the pleadings, Fed. R. Civ. P. 12(d), so the Court must decide whether to consider these photographs.

"Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a motion to dismiss without converting the motion into a motion for summary judgment." *United States ex rel. Lazar v. S.M.R.T., LLC*, 542 F. Supp. 3d 1078 (S.D. Cal. 2021). Here, Forrett does not appear to question the authenticity of these documents. Both parties refer to the labels in their briefing, with Forrett providing pictures of unknown origin within the First Amended Complaint. Particularly since Forrett's pictures show excerpts of the labels, completeness, and efficient resolution dictate that the Court permit Defendant to provide clear and complete pictures of the labels at issue. The Court will consider the images attached to the Rader declaration in ECF 27-1.

## II. LEGAL STANDARD

Rule 12(b)(1) requires dismissal of claims for which a plaintiff lacks constitutional standing, or which are federally preempted. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (finding that preemption deprives the court of subject matter jurisdiction).

By contrast, a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Additionally, allegations of fraud or mistake require the pleading party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The context surrounding the fraud must "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Kearns*, 567 F.3d at 1124.

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III. DISCUSSION**

**A. Violation of Multi-State Consumer Protection Statutes**

Forrett's first claim is for violation of consumer protection statutes of multiple states on behalf of a proposed multi-state consumer class. FAC ¶¶ 75-78. This class is limited to states with similar consumer protection statutes to California, including: Florida (Fla. Stat. § 501.201); Illinois (815 ILCS 505/1); Massachusetts (Mass. Gen. Laws Ch. 93A); Michigan (Mich. Comp. Laws § 445.901); Minnesota (Minn. Stat. § 325F.67);

6

1  Missouri (Mo. Rev. Stat. 407.010); New Jersey (N.J. Stat. § 56:8-1); New York (N.Y. Gen.
2  Bus. Law § 349); Pennsylvania (73 Pa. Stat. Ann. §§ 201-1); Oregon (Or. Rev. Stat. §§
3  646.605); and Washington (Wash Rev. Code § 19.86.010).

In order to bring such a claim, Forrett would be required to have standing for each of his individual causes of action. *Mercado v. Audi of Am., LLC*, 2019 WL 9051000, at *14 (C.D. Cal. Nov. 26, 2019) (finding where "a complaint includes multiple claims, at least one named class representative must have Article III standing to raise each claim."). "Even in circumstances where courts have found they have discretion to defer standing questions until after class certification, the standing inquiry can be addressed when Plaintiffs bring claims from states where they do not have a connection." *Stewart v. Kodiak Cakes, LLC,* 537 F. Supp. 3d 1103, 124-25 (S.D. Cal. 2021).

The same is true in class actions. *See, e.g.*, *Soo v. Lorex Corp.*, No. 20-cv-01437-JSC, 2020 WL 5408117, at *10 (N.D. Cal. Sept. 9, 2020) ("While the Ninth Circuit has not definitively answered whether named plaintiffs have standing to pursue class claims under the common laws of states to which the named plaintiffs have no connection, district courts in this Circuit routinely hold that they do not."); *Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1072, 1072 n.3 (S.D. Cal. 2020) (providing examples and finding that there is a "growing trend" among California district courts to address standing at the pleadings stage and dismiss claims "under the laws of states in which no plaintiff resides or has purchased products"). *See also*, *Corcoran v. CVS Health Corp.*, 169 F .Supp. 3d 970, 990 (N.D. Cal. 2016) (noting that "[c]ourts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce") (internal quotation marks and citation omitted). Plaintiff also urges that the Court could defer the question of standing until after class certification. The Court declines to do so. *In re Carrier IQ, Inc.,* 78 F. Supp. 3d 1051, 1075 (N.D. Cal. 2015) (addressing standing prior to class certification and finding "the named Plaintiffs do not have standing to assert claims from states in which they do not reside").

What's more, even assuming that the conflation of claims from multiple states was

not a barrier to standing, it would be problematic to assess the merits of those claims. *See e.g.*, *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal. 2018) ("[C]auses of action should not group together multiple sources of law; rather, Plaintiffs should plead separate causes of actions for each source of law, whether federal or state."). Here, Forrett cannot establish standing for the Multi-State claim because he has not and cannot allege a connection to the ten jurisdictions where he does not reside and has not purchased Defendant's products.

Accordingly, the Motion to Dismiss Count 1 pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED. Leave to Amend is GRANTED.

## B. UCLA, FAL, and CRLA

The Court next considers the Second, Third and Fourth causes of action, brought under California state laws, the UCL, FAL, and CRLA under Fed. R. Civ. P. 9(b) because these claims sound in fraud. *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1132 (S.D. Cal. 2021). Forrett brings these claims individually and on behalf of all members of the California class. FAC at ¶ 80.

Defendant first argues that the claims are not plausible because a reasonable consumer would not be misled by the label marketing. They next argue that the claims are preempted by the Food, Drug, and Cosmetic Act (FDCA) 21 U.S.C.A. § 360k(a). The Court agrees with the Defendant on both issues.

### 1. Plausibility

The Court turns first to the argument on plausibility.

All three statutes [CLRA, UCL, and FAL] are governed by the "reasonable consumer" test, and courts often analyze them together. *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1080 n.7 (S.D. Cal. 2019) (internal citations omitted); *Forrett v. Gourmet Nut*, No. 22-cv-2045 BLF, 2022 WL 6768217, at *2 (N.D. Cal. Oct. 11, 2022). This means that only those statements that are "'likely' to deceive a 'reasonable consumer' are actionable under the Unfair Competition Law, the false advertising law and the CLRA." *Shaeffer v. Califia Farms, LLC,* 44 Cal. App. 5th 1125,

8

1140 (2020).  Where a court can conclude as a matter of law that members of the public are not likely to be deceived by the product in question, dismissal is appropriate.  *See, e.g., v. Dr. Pepper/Seven Up, Inc.,* 945 F.3d 1225, 1229 (9th Cir. 2019 (affirming dismissal of UCL, FAL, and CLRA claims on motion to dismiss because no reasonable consumer would be misled that the word "diet" in a soft drink's brand name promises weight loss or healthy weight management); *Ebner v. Fresh, Inc*. 838 F.3d 958, 966 (9th Cir. 2016) (affirming dismissal of UCL, FAL and CLRA claims where the Court concluded the general public would not be deceived about the volume of the container of the product where, amongst other facts, the label accurately stated the weight).

In urging dismissal, Defendant argues that it is implausible that a reasonable consumer would be confused about the meaning of the term "protein-packed." This Court agrees and dismisses these claims under Fed. R. Civ P. 12(b)(6).  In reaching that conclusion, the Court finds instructive the Southern District of California's recent analysis in *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103 (S.D. Cal. 2021).  There, as here, the court considered whether a reasonable consumer would find the phrase "protein packed" to be deceptive. The Court there found they would not.

The court in *Kodiak* recognized that, whether a reasonable consumer would be deceived often depends on the circumstances.  *Id.* at 1141.  The court there noted that "[e]ach of [the products at issue] show in large, bold typeface the words "protein-packed" on the front of the box.  *See id.*  However, each of these pictures also clearly show the number of grams of protein in roughly the same large, bold typeface on the front of the box.  *See id.*  In that case, the Court noted that Plaintiffs did not cite to one example where the statement "protein-packed" was not also accompanied by the number of grams of protein in bold lettering on the front of the box." *Id.*

The court in *Kodiak* also found it noteworthy that a reasonable consumer would have multiple other mechanisms to ascertain how much protein was in the product, if "protein- packed" was confusing. "Even if a consumer were still uncertain on the meaning of "protein-packed" after seeing the grams of protein listed clearly on the front of the box,

a reasonable consumer would be aware of the nutrition facts label on the back or side of the box as a means to clarify any uncertainty." *Id.* at 1153. Here, as in *Kodiak*, the amount of protein in grams is labeled on the package. Here, Plaintiff would similarly have multiple means of ascertaining the true amount of protein in the food.

The Court further finds instructive the analysis in *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052 (2017). The Court there dismissed plaintiff's unlawful prong UCL cause of action with prejudice where "the information concerning the amount of protein originating from milk and cereal is located directly below the allegedly misleading statement." Additionally, there, the Court dismissed as mere puffery "just a tad sweet" and "a kiss of honey." The court there noted that there was no "benchmark for determining whether a product has a 'touch' of honey or sweetness," and is therefore "akin to 'sales patter' on which a reasonable consumer would not rely." *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1086-87, 1099 (N.D. Cal. 2017) (citation omitted). That court also differentiated the "touch of" claims with "Lightly Sweetened" and "lightly frosted," which the court determined were not puffery as a matter of law because "the FDA regulates the use of the term 'light.'"

The Court in *Forrett v. Gourmet Nut* similarly dismissed "protein packed" fraud claims at the motion to dismiss stage, with leave to amend. 2022 WL 6768217, at *3.

This Court follows *Kodiak, Hadley,* and *Gourmet Nut* in concluding that the reasonable consumer would not be misled by the term "protein-packed" on the GFB label because there is no quantitative benchmark for what it means. Like "touch of" and different than "lightly" the FDA does not define the term "packed." It does define both "high protein" and "excellent source of protein." 21 C.F.R. § 101.54; 21 C.F.R. § 101.9(c)(7)(iii). As Forrett notes, there is no reason to think the term "packed" refers to the overall grams of protein as opposed to the density of protein in relation to a small product. Any confusion that a reasonable consumer could plausibly feel would be clarified by the description of the number of grams of protein on both the front and back of the packaging.

10

Accordingly, the Motion to Dismiss Counts 2, 3, and 4 is GRANTED under Fed. R. Civ. P. 12(b)(6). Leave to amend is GRANTED.

### 2. Preemption

Defendant argues, in addition or in the alternative, that Forrett's claims challenging the protein-packed designations must be dismissed because they are preempted by the Food, Drug, and Cosmetic Act (FDCA) 21 U.S.C. § 360k(a), thus depriving this Court of subject matter jurisdiction. Forrett did not respond to these arguments. ECF 28. Consequently, the Court GRANTS the motion to dismiss Counts 2, 3, and 4 on the preemption ground, in addition to plausibility. The Court GRANTS leave to amend.

### C. Breach of Express Warranties

Forrett next brings a claim for breach of express warranties on behalf of all classes. FAC at ¶¶ 119-126. This claim requires that a plaintiff plead: (1) "the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Weinstat v. Dentsply Int'l, Inc.,* 180 Cal. App. 4th 1213, 1227 (2010) (internal quotation marks and citation omitted). Proof of reliance on specific promises is not required. *Id. See also*, *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 899–900 (N.D. Cal. 2012).

Because the Court has already concluded that Forrett's CRLA, UCL, and FAL claims fail as inconsistent with the expectations of a reasonable consumer, they also cannot form the "basis of a bargain" giving rise to a breach of warranty claim. *Solak v Hain Celestial Grp., Inc.*, 17-cv-0704-LEK/DEP, 2018 WL 1870474, at * 11 (N.D.N.Y. 2018) ("the caselaw makes clear that for a statement or representation to provide the basis for an express warranty claim, it still must meet the threshold requirement of 'being material to a reasonable consumer.'") (internal citations omitted). This decision is also consistent with Judge Freeman's decision in *Gourmet Nut*, 2022 WL 6768217, at *3 (dismissing warranty claim with leave to amend).

Therefore, the motion to dismiss Count 5 is GRANTED. Leave to amend is GRANTED.

### D. Unjust Enrichment

Finally, Forrett claims "unjust enrichment" by GFB on behalf of all classes, demanding restitution. FAC at ¶¶ 127-132. Under California law, "[u]njust enrichment" itself is "not a cause of action ... or even a remedy, but rather a general principle, underlying various legal doctrines and remedies"; it is "synonymous with restitution." *See McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (internal quotation and citation omitted). Because Forrett's First Amended Complaint has not stated any other plausible underlying claims, he is not entitled to unjust enrichment. *Accord*, *Gourmet Nut*, 2022 WL 6768217, at *4 (dismissing unjust enrichment claim with leave to amend).

Accordingly, the motion to dismiss Count 6 is GRANTED. Leave to amend is GRANTED.

## IV. CONCLUSION

Defendant's Motion to Dismiss is GRANTED. Under Fed. R. Civ. P. 15(a)(2), the Court should "freely give leave [to amend the pleadings] when justice so requires." The Court GRANTS leave to amend in the interest of justice, especially given the new case law reported by the parties in their supplemental notices at ECF 36 and 39. Forrett may file a Second Amended Complaint by April 17, 2023. The Second Amended Complaint may not add additional claims or parties without advance leave of Court. If Forrett does not file a Second Amended Complaint, the Court will enter Judgment against him and terminate the case.

**IT IS SO ORDERED.**

Dated: March 27, 2023

_____
NATHANAEL M. COUSINS
United States Magistrate Judge