SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CHRISTOPHER VAN GUNDY, Cal. Bar No. 152359
  cvangundy@sheppardmullin.com
MICHAEL A. LUNDHOLM, Cal Bar No. 336151
  mlundholm@sheppardmullin.com
Four Embarcadero Ctr., 17th Floor
San Francisco, CA 94111
Telephone:  (415) 434-9100
Facsimile:   (415) 434-3947

Attorneys for Defendant,
West Thomas Partners, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Forrett, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>West Thomas Partners, LLC d/b/a GFB,<br><br>Defendant. | Case No. 5:22-cv-02048-NC<br><br>**UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>The Honorable Nathanael M. Cousins<br><br>Filed: **March 30, 2022**<br>Summons Served: **May 10, 2022** |

1  Plaintiff John Forrett ("Plaintiff") and Defendant West Thomas Partners, LLC ("Defendant" or "West Thomas") jointly submit this Updated Joint Case Management Statement pursuant to this Court's Standing Order, the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9, in anticipation of the Case Management Conference ("CMC") scheduled for June 14, 2023, at 10:00 a.m., in Courtroom 5 of the above entitled court.

There is currently pending before the Court Defendant's motion to dismiss the Second Amended Complaint, set for hearing on July 5, 2023 at 11:00 a.m.  In the interests of judicial efficiency, the Parties hereby jointly request that the Court continue the current CMC hearing to the same date and time as the motion to dismiss, namely, July 5, 2023 at 11:00 a.m.  A copy of the previous joint CMC statement filed by the Parties is attached hereto as Exhibit A for the Court's ease of reference.

Dated:  June 7, 2023

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Christopher Van Gundy*
CHRISTOPHER VAN GUNDY
MICHAEL A. LUNDHOLM

Attorneys for Defendant
WEST THOMAS PARTNERS, LLC

1 | Dated: June 7, 2023

By     */s/ Ryan Gustafson*
RYAN GUSTAFSON
CHRISTOPHER T. AUMAIS
CHRISTOPHER B. GOOD

Attorneys for Plaintiff
JOHN FORRETT

## SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Dated: June 7, 2023

By  */s/ Christopher Van Gundy*
CHRISTOPHER VAN GUNDY

Attorneys for Defendant,
West Thomas Partners, LLC

# EXHIBIT A

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CHRISTOPHER VAN GUNDY, Cal. Bar No. 152359
  cvangundy@sheppardmullin.com
MICHAEL A. LUNDHOLM, Cal Bar No. 336151
  mlundholm@sheppardmullin.com
Four Embarcadero Ctr., 17th Floor
San Francisco, CA 94111
Telephone:  (415) 434-9100
Facsimile:   (415) 434-3947

Attorneys for Defendant,
West Thomas Partners, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Forrett, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>West Thomas Partners, LLC d/b/a GFB,<br><br>Defendant. | Case No. 5:22-cv-02048-NC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>The Honorable Nathanael M. Cousins<br><br>Filed: **March 30, 2022**<br>Summons Served: **May 10, 2022** |

SMRH:4893-3912-5327.1                     -1-

1  Plaintiff John Forrett ("Plaintiff") and Defendant West Thomas Partners, LLC ("Defendant" or "West Thomas") jointly submit this Joint Case Management Statement to this Court's Standing Order, the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-10(d), in anticipation of the Case Management Conference Scheduled for February 15, 2023, at 10:00 a.m., in Courtroom 5 of the above entitled court.

**1. Jurisdiction & Service**

Plaintiff alleges this Court has original subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d). According to Plaintiff, the provisions of the Class Action Fairness Act ("CAFA") apply here, by explicitly providing for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class; any member of the plaintiff class is a citizen of a State different from any defendant; and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff claims these conditions are met on the facts of this case.

Plaintiff further alleges that Defendant purposefully availed itself of the California consumer market and distributes the Products at issue in this case within this District. According to Plaintiff, venue is proper in this District under 28 U.S.C. § 1391(a) because his purchases occurred within this District, and the Defendant conducts business in this District. No parties remain to be served.

**2. Facts/Claims For Relief**

    **a.    Joint Statement**:

Plaintiff, a California resident, filed this putative class action based on the primary charging allegation that Defendant's Gluten Free Bites misled consumers with the statement "protein packed" on the front and back of the label. Plaintiff alleges he purchased Defendant's Dark Chocolate + Peanut Butter Gluten Free Bites in San Jose, California, in May 2020. Defendant manufactures and markets different flavors of Gluten Free Bites, all of which contain 4 or 5 grams of protein per serving.

Defendant's Gluten Free Bites contain a claim on the front of the package "Ridiculously Tasty. Protein Packed," while on the back the product is further referred to as a "protein-packed craveable snack." The front package also clearly states in large letters "4G Plant Protein/110 calories." Further, the Nutrition Facts on the back label of the Gluten Free Bites disclose that the products contain 4 grams (or 5 grams, as the case may be) of protein, but not the percent Daily Value of protein.

Plaintiff alleges that a reasonable consumer believes the "protein packed" statement means that the products are "high" in protein or constitute an "excellent source" of protein pursuant to the FDA definition under C.F.R. § 101.54 and 21 C.F.R. § 101.9(c)(7)(iii). Plaintiff further alleges that pursuant to the FDA regulations, this benchmark is 10 grams or more per serving for protein. Common to all claims for relief, Plaintiff emphasized in his pleading the essential allegation that "protein packed" "is a misrepresentation to a reasonable consumer that Defendant's products are "high" in protein as defined by FDA because Defendant's Products contain 4 or 5 grams of protein per serving, whereas FDA defines "high" to mean 10 grams of protein per serving (Defendant "intended to deceive Plaintiff and putative Class Members by labeling and marketing its Products as purportedly high-protein products").

Plaintiff further alleges that the declared amount of protein is misleadingly overstated because it supposedly is not "corrected" (via amino acid scoring) as required by FDA regulations for protein quality. Plant based protein is generally less bioavailable than animal based protein, so the "correction" involves declaring less protein to reflect less bioavailability. FDA regulations permit an "uncorrected" gram weight declaration of protein (via nitrogen testing) on the front of pack. 21 C.F.R. § 101.9(c)(7). However, because Defendant failed to provide the "corrected" protein value expressed in terms of percent Daily Value in the back panel Nutrition Facts, as required for products making protein claims, Plaintiff claims the "uncorrected" protein value on the front of the package was misleading.

On the basis of these facts, Plaintiff brought the five claims under California state-law consumer protection laws, noted below. For relief, Plaintiff requests class certification on either a

California state level, multi-state level or nationwide, an order awarding damages, punitive damages and attorneys' fees. *Id*. at ¶ 111. After a series of stipulations approved by the Court, Defendant's response date to the Complaint was set as August 19, 2022.

3. **Legal Issues**

   a. **Plaintiff's Description**:

   Plaintiff alleges that the actions described above in the first Amended Complaint (1) are violative of Cal. Bus. Prof. Code. §17200, *et seq*., as "unlawful", "unfair", and "fraudulent"; (2) are violative of Cal. Bus. Prof. Code §17500, *et seq*., (the "False Advertising Law); (3) are violative of Cal. Bus. Prof. Code §1750, *et seq.,* (the "California Consumer Legal Remedies Act"); (4) provide unjust enrichment to Defendant; and (5) violate various consumer protection laws (on behalf of the proposed multi-state consumer class).

   b. **Defendant's Description**:

   Plaintiff's claims all arise out of allegedly fraudulent conduct on behalf of West Thomas in labeling their product "protein packed." The facts common to all issues indisputably sound in fraud, and, as such, plaintiff "must satisfy the traditional plausibility standard of Rules 8(a) and 12(b)(6), as well as the heightened pleading requirements of Rule 9(b)." *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 964 (9th Cir. 2018). Defendant maintains that all claims for relief should be dismissed for lack of plausibility and based on preemption.

   The first legal issue is whether a "reasonable consumer" would be misled by Defendant's label stating the Gluten Free Bites are "protein packed/110 calories" when taken in context of the entire label. Notably, the front of the label discloses in large font the amount of protein per serving (4 grams or 5 grams), and the Nutrition Facts on the back disclose this information as well. Courts under similar circumstances have found such statements are not misleading. See *Stewart v. Kodiak Cakes*, LLC, 537 F.Supp.3d 1103, 1152 (S.D. Cal. 2021) (finding a reasonable consumer would not find a "protein-packed" statement to be misleading where the defendant had disclosed on the front of the package the amount of protein per serving).

1       Another major issue is whether Plaintiff's claims are expressly or impliedly preempted. Plaintiff's case is an effort to enforce the FDCA (specifically 21 C.F.R. § 101.54 and 21 C.F.R. § 101.9(c)(7)) through the guise of a false advertising lawsuit. The FDCA cannot be enforced via a private lawsuit and even a creative attempt to do so by framing it as a false advertising suit is preempted. *See Goldsmith v. Allergan, Inc.*, 2011 U.S. Dist. LEXIS 6233, at *26 (C.D. Cal. Jan. 13, 2011) ("No matter how artfully the Complaint is pleaded in attempting to enforce the FDCA, Plaintiff cannot enforce the FDCA's off-label advertising provisions simply by calling it a violation of the UCL."). As more fully explained in West Thomas' motion to dismiss the First Amended Complaint, the challenge to "protein packed" is impliedly preempted, and the challenge to the missing "corrected" percent Daily Value of protein in the Nutrition Facts panel is expressly preempted as contrary to FDA regulations.

        Thus, there is the question of what the reasonable consumer interprets "protein packed" to even mean. The term does not have any specific meaning, and exists alongside other non-measurable and non-specific terms like "ridiculously tasty" and "craveable." As such, it is non-quantifiable puffery. See *Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304, 1316 (granting a motion to dismiss because claims that a product contains a "tad" or a "kiss" of honey lack "clear, objective indication of their levels") (E.D. Cal. 2014). There are no specific facts supporting Plaintiff's interpretation, and a consumer could reasonably interpret "protein packed" to mean full of protein compared to the size or weight of the product, or a "good" source of protein pursuant to the FDA's definition.

        Another major issue is whether Plaintiff has standing to sue on behalf of consumers in other states under those states consumer protection statutes. Case law is clear that they do not. *See, e.g.*, *Kodiak*, 537 F.Supp.3d at 1124-25 (granting motion to dismiss for claims brought under state law based on finding "that courts can address standing at the pleadings stage and dismiss claims brought under state laws that have no connection to the named plaintiffs"). As fully addressed in Defendant's Motion to Dismiss, there is also an issue about Plaintiff's failure to allege reliance on the Nutrition Facts label in making his purchase.

### 4. Motions

On August 19, 2022, Defendant filed its original motion to dismiss the Complaint in its entirety.  In response, Plaintiff filed a First Amended Complaint, thereby mooting the first motion to dismiss.  On September 23, 2022, Defendant filed its second motion to dismiss, as to the First Amended Complaint, in its entirety.  The hearing on the second motion to dismiss was set for November 2, 2022, but vacated by the Court based on finding it suitable for decision without oral argument.  The decision remains pending.  On January 4, 2023, Defendant submitted to the Court a Statement of Recent Decisions in support of the current motion to dismiss.

### 5. Amendment of Pleadings

The deadline to amend the pleadings passed on December 5, 2022.

### 6. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and complied with their obligations to meet and confer pursuant to Fed. R. Civ. P. 26(f).  The Parties agreed upon a protective order that was approved by the Court.

### 7. Disclosures

Defendant served its Initial Disclosures on October 26, 2022.  Plaintiff served his Initial Disclosures on February 7, 2023.

### 8. Discovery

No discovery has been taken to date and the Parties have not yet identified any discovery disputes.  The fact discovery cut-off date is April 18, 2023.

### 9. Class Actions

All attorneys have reviewed the Procedural Guidance for Class Action Settlements.  The Court set March 15, 2023 as the last day for filing and serving any motion for class certification.

### 10. Related Cases

There are no known related cases.

11. **Relief**

   a. **Plaintiff**

   Plaintiff seeks the following relief:

   - For an order enjoining Defendant from continuing to engage in the unlawful conduct set forth in the First Amended Complaint;

   - For an order awarding restitution of the monies Defendant wrongfully acquired by its illegal and deceptive conduct;

   - For an order requiring disgorgement of the monies Defendant wrongfully acquired by its illegal and deceptive conduct;

   - For compensatory and punitive damages, including actual and statutory damages, arising from Defendant's wrongful conduct and illegal conduct;

   - For an award of reasonable attorneys' fees and costs and expenses incurred in the course of prosecuting this action; and

   - For such other and further relief as the Court deems just and proper.

   b. **Defendant**

   Defendant seeks no relief in this matter and currently has no counterclaims. Defendant does not believe Plaintiff is entitled to relief.

12. **Settlement and ADR**

   The Parties have engaged in early settlement negotiations, and are far apart. If the motion to dismiss is denied in whole or part, Defendant suggests Early Neutral Evaluation (ENE) pursuant to ADR Local Rule 5.

13. **Consent to Magistrate Judge for All Purposes**

   The Parties have consented to Magistrate Judge Cousins for the conduct all further proceedings.

**14.   Other References**

This matter is not suitable for reference to binding arbitration, a special master, or the judicial panel on Multi-district litigation. This is a purported class action involving one plaintiff.

**15.   Narrowing of Issues**

At the appropriate time, the Parties will consider stipulated facts. If the case goes to trial, punitive damages should be bifurcated and/or dismissed for lack of evidence.

**16.   Expedited Trial Procedure**

This matter is not suited for the Expedited Trial Procedure of General Order No. 64 given that this is a purported class action to be tried to the jury.

**17.   Scheduling**

The Court has ordered the following deadlines:

| | |
|---|---|
| Motion for Class Certification Deadline | March 15, 2023 |
| Non-Expert Discovery Cutoff | April 18, 2023 |
| Expert Disclosures | September 22, 2023 |
| Expert Discovery Cutoff | December 15, 2023 |
| Last Day to File Dispositive Motions | January 10, 2024 |
| Pretrial Statements | March 6, 2023 |
| Pretrial Conference | March 20, 2024 |
| Trial | April 8, 2024 |

**18.   Trial**

The trial is scheduled for April 8, 2024.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Plaintiff and Defendant have filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. Other than the parties themselves or absent class members, there is no person or entity with: i) a financial interest in the subject matter in controversy or in a

party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20.** **Professional Conduct**

Counsel for the parties have reviewed the guidelines for Professional Conduct in the Northern District of California.

**21.** **Other**

Defendant requests that any counsel who intend to appear in this matter but are not licensed in California submit pro hac vice applications.

Dated:  February 8, 2023

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Christopher Van Gundy*
       CHRISTOPHER VAN GUNDY
       MICHAEL A. LUNDHOLM

       Attorneys for Defendant
       WEST THOMAS PARTNERS, LLC

| | |
|---|---|
| 1 | Dated: February 8, 2023 |
| 2 | |
| 3 | |
| 4 | |
| 5 | By     */s/ Ryan Gustafson* |
| | RYAN GUSTAFSON |
| 6 | CHRISTOPHER T. AUMAIS |
| | CHRISTOPHER B. GOOD |
| 7 | |
| 8 | Attorneys for Plaintiff |
| 9 | JOHN FORRETT |

[PROPOSED] CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES MAGISTRATE JUDGE

# SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Dated: February 8, 2023     By     */s/ Christopher Van Gundy*
CHRISTOPHER VAN GUNDY

Attorneys for Defendant,
West Thomas Partners, LLC

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On February 8, 2023, I served true copies of the following document(s) described as **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** on the interested parties in this action as follows:

**SERVICE LIST**

| | |
|---|---|
| Christopher B. Good, Ryan Gustafson, **GOOD GUSTAFSON AUMAIS LLP** 2330 Westwood Boulevard, Suite 103 Los Angeles, California 90064 Telephone: (310) 274-4663 E-mail: cta@ggallp.com cbg@ggallp.com jrg@ggallp.com | Attorneys for Plaintiff JOHN FORRETT |
| Steffan T. Keeton **THE KEETON FIRM LLC** 100 S Commons, Ste. 102 Pittsburgh PA 15212 Tel: (888) 412-5291 Email: stkeeton@keetonfirm.com | Attorneys for Plaintiff JOHN FORRETT |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

SMRH:4893-3912-5327.1

1 | Executed on February 8, 2023, at San Francisco, California.

                                             _____
                                             Justin Mychel Robinson-Williams

## PROOF OF SERVICE

## 5:22-cv-02048-NC

### STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On June 7, 2023, I served true copies of the following document(s) described as **UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| Christopher T. Aumais, <br> Christopher B. Good, <br> Ryan Gustafson, <br> **GOOD GUSTAFSON AUMAIS LLP** <br> 2330 Westwood Boulevard, Suite 103 <br> Los Angeles, California 90064 <br> Telephone: (310) 274-4663 <br> E-mail: cta@ggallp.com <br>          cbg@ggallp.com <br>          jrg@ggallp.com | Attorneys for Plaintiff <br> JOHN FORRETT |
| Steffan T. Keeton <br> **THE KEETON FIRM LLC** <br> 100 S Commons, Ste. 102 <br> Pittsburgh PA 15212 <br> Tel: (888) 412-5291 <br> Email: stkeeton@keetonfirm.com | Attorneys for Plaintiff <br> JOHN FORRETT |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 7, 2023, at San Francisco, California.

*[signature]*

Justin Mychel Robinson-Williams

SMRH:4861-0542-3465.1