SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
CHRISTOPHER VAN GUNDY, Cal. Bar No. 152359
cvangundy@sheppardmullin.com
Four Embarcadero Ctr., 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

Attorneys for Defendant,
West Thomas Partners, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

John Forrett, individually, and on behalf of those similarly situated,

Plaintiff,

v.

West Thomas Partners, LLC d/b/a GFB,

Defendant.

Case No. 5:22-cv-02048-NC

**DEFENDANT WEST THOMAS PARTNERS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Date: July 5, 2023
Time: 1:00 p.m. PST
Courtroom: 5

The Honorable Nathanael M. Cousins

Filed: March 30, 2022
Summons Served: May 10, 2022

Table of Contents

Page

I. INTRODUCTION/SUMMARY OF ARGUMENT ........ 1

II. ARGUMENT ........ 3

A. Plaintiff's Arguments Fail Because The Court Either Has Already Ruled On Such Allegations, Or Plaintiff Makes Allegations In His Opposition Not Present In The SAC. ........ 3

B. Plaintiff's Failure To Respond To Defendant's Implausibility Argument Results In Abandonment Of His Claims. ........ 5

C. All Of Plaintiff's Claims Fail Because Contrary To Plaintiff's Contention, He Was Required (And Failed) To Plead Allegations With Specificity. ........ 6

D. All Of Plaintiff's Claims Are Preempted ........ 8

E. A Split Of Authority Among District Courts Exists, And This Court Should Follow The String Of Decisions Dismissing Similar Claims Without Leave To Amend. ........ 10

F. Plaintiff Lacks Standing To Assert Injunctive Relief. ........ 13

III. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

Page(s)

Cases

*Brown v. Food for Life Baking Co., Inc.*
2023 WL 2637407 (N.D. Cal. Feb. 23, 2023)....10, 11, 12, 13

*Buckman Co. v. Plaintiffs' Legal Comm.*
531 U.S. 341 (2001)....8

*Chong v. Kind LLC*
585 F. Supp. 3d 1215 (N.D. Cal. 2022), *appeal dismissed*, 2022 WL 19552082 (9th Cir. Dec. 14, 2022)....8, 10, 11, 13

*Davidson v. Kimberly-Clark Corp.*
889 F.3d 956 (9th Cir. 2018)....7

*Forrett v. Gourmet Nut I*
2022 WL 6768217 (N.D. Cal. Oct. 11, 2022)....2, 13

*Forrett v. Gourmet Nut Inc. II*
2023 WL 3749556 (N.D. Cal. June 1, 2023)....12, 13

*Minor v. Fedex Office & Print Servs., Inc.*
182 F. Supp. 3d 966 (N.D. Cal. 2016)....5

*Rahman v. Mott's, LLP*
2014 WL 1379655 (N.D. Cal. Apr. 8, 2014)....7

*Rausch v. Flatout, Inc.*
2023 WL 2401452 (N.D. Cal. Mar. 8, 2023)....11, 12, 13

*In re Seagate Tech. LLC Litig.*
233 F. Supp. 3d 776 (N.D. Cal. 2017)....3

*Somers v. Beiersdorf, Inc.*
467 F. Supp. 3d 934 (S.D. Cal. 2020)....9

*Stewart v. Kodiak Cakes, LLC*
537 F. Supp. 3d 1103 (S.D. Cal. 2021)....6

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*
802 F. Supp. 2d 1125 (C.D. Cal. 2011)....5

*Williams v. Gerber Prods. Co.*
552 F.3d 934 (9th Cir. 2008) .......... 4

*Zakikhani v. Hyundai Motor Co.*
2022 WL 1740034 (C.D. Cal. Jan. 25, 2022) .......... 5

Statutes

21 U.S.C. § 337(a) .......... 8

21 U.S.C. § 343-1 .......... 9

21 U.S.C. § 343(q)(D) .......... 9

Cal. Bus. & Prof. Code § 17200, *et seq.* .......... 8

Cal. Bus & Prof. Code § 17500, *et seq.* .......... 8

Cal. Civ. Code § 1750, *et seq*. .......... 8

Other Authorities

21 C.F.R. § 101.9(c)(7) .......... 7, 9

21 C.F.R. § 101.54 .......... 7

21 CFR 101.9(c)(7)(i) .......... 9

21 CFR 101.13(b) .......... 9

Fed. R.Civ. P. Rule 9(b) .......... 6, 7

Fed. R. Civ. Proc. 12(b)(6) .......... 3

Defendant West Thomas Partners, LLC ("Defendant" or "West Thomas") hereby respectfully submits this reply memorandum in support of its motion to dismiss the Second Amended Complaint ("SAC").

## I. INTRODUCTION/SUMMARY OF ARGUMENT

Plaintiff's supposedly "new" allegations in the SAC are simply an attempt to re-litigate his losing argument from the First Amended Complaint ("FAC"), where the Court found that "PROTEIN PACKED" was non-actionable puffery. A substantial portion of the opposition is devoted to re-hashing these arguments. Plaintiff would resuscitate his claim that "PROTEIN PACKED" is deceptive by referencing now also the "4G PLANT PROTEIN" claim from the front of the challenged package as well, but the Court already considered the entirety of the package when rejecting Plaintiff's claims the first time around.

Plaintiff also now has completely switched his theory of deception from believing that the challenged claims mean that the products in question were "high" in protein (20% of the Daily Value of protein), to claims that he was mislead because he thought he was getting 4 grams, or 8% of the recommended "Daily Value" of protein, instead of the alleged 3.2 grams of protein, or 6% of the Daily Value. This switch in Plaintiff's theory of deception is disingenuous and implausible, so much so that Plaintiff does not attempt to argue for plausibility. Plaintiff's "new" claims in any event are preempted as before, because he would use state consumer deception statutes to require Defendant to use a different testing methodology for declaring protein grams on the front of the package not required by the U.S. Food and Drug Administration ("FDA").

Specifically, the gravamen of the SAC is that the phrases "PROTEIN PACKED" and "4G PLANT PROTEIN" on Defendant's product labels purportedly mislead reasonable consumers because: (1) pursuant to the Protein Digestibility Corrected Amino Acid Score ("PDCAAS") method for measuring protein, the products contained less than 4 grams of protein available for use by the body as declared on the front of the package, but rather 3.2 grams; (2) Defendant did not include the percent Daily Value in the nutrition facts panel (which Plaintiff alleges should have been computed pursuant to the PDCAAS method) (this latter claim was also made and rejected in the FAC); and (3) Defendant would have bought the product had it contained 4 grams of bioavailable

protein. SAC at ¶¶ 3-10, 89-91. As explained in Defendant's motion to dismiss, all of Plaintiff's claims fail as a matter of law because: (1) no reasonable consumer would be misled by Defendant's claims because it is implausible that a reasonable consumer would buy the product with 8% Daily Value protein but not 6% Daily Value; (2) Plaintiff's "new" allegations of deception fail due to lack of specificity; (3) all of Plaintiff's claims are preempted because they seek to enforce the Food, Drug & Cosmetic Act ("FDCA"); and (4) Plaintiff lacks standing to assert injunctive relief.

Nothing in the opposition changes this analysis. For example, in the opposition, Plaintiff reverts back to the position he took actually in the FAC—*i.e.*, that the phrase "PROTEIN PACKED" allegedly "leads [consumers] to believe that the Product is a 'high protein' snack,…despite…fail[ing] to provide sufficient levels of protein to meet any of these levels[,]" and that "[w]ithout including the mandatory [percent Daily Value], the consumer cannot resolve [Defendant]'s deception." Opp. at 7:7-16. Yet, the Court should disregard this argument and instead rule on the allegations in the SAC because a plaintiff "may not use his opposition to raise and argue new allegations or claims not in the complaint[.]" *Forrett v. Gourmet Nut I*, 2022 WL 6768217, *2 (N.D. Cal. Oct. 11, 2022) (citing *Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d 966, 977 (N.D. Cal. 2016)) (quotations omitted).

Further, Plaintiff contradicts himself by now claiming that he would have bought Defendant's products believing that they contained 8 percent Daily Value, despite the fact that he alleged in the FAC that he would only buy the products if they contained at least 20 percent of the Daily Value for protein. (*Compare* FAC ¶¶ 30, 58 *with* SAC ¶ 91.) Plaintiff either desired a product with 20 percent Daily Value ***or*** 8 percent Daily Value—he should not be allowed to change the entire basis of his claims when it is convenient for him. And, Plaintiff's failure to respond to Defendant's key argument that it is implausible that a reasonable consumer would be misled by Defendant's "PROTEIN PACKED" and "4G PLANT PROTEIN" front of package declaration results in abandonment of Plaintiff's claims.

Further, in the opposition, Plaintiff attempts to manufacture a recent trend in recent District Court decisions favoring his position. Opposition ("Opp.") at 1:24-3:12. But, in reality, at best, a split of authority currently exists, and the facts at issue here are more akin to the facts in the decisions

where the District Courts granted motions to dismiss without leave to amend. Moreover, dismissal of Plaintiff's claims are appropriate for the additional, independent reason that such claims are preempted by federal law (thus depriving the Court of subject matter jurisdiction).

For these reasons and the reasons explained below, all of Plaintiff's claims fail as a matter of law. Plaintiff has already amended his original complaint ***twice*** and has had adequate opportunity to address the various legal issues with his allegations. As such, respectfully, the SAC should be dismissed without leave to amend.

## II. ARGUMENT

### A. Plaintiff's Arguments Fail Because The Court Either Has Already Ruled On Such Allegations, Or Plaintiff Makes Allegations In His Opposition Not Present In The SAC.

In the FAC, Plaintiff alleged that the phrase "PROTEIN PACKED" on Defendant's product labels "mislead[s] [] reasonable consumer[s] because Defendant's Products are not high in protein[,]" and that the "deception" is "perpetuate[d]" by the fact that Defendant "omitt[ed] the Percent Daily Value for protein in the Nutrition Facts panel on the Products' labels." FAC at ¶¶ 5, 64.[1] In this Court's order granting Defendant's motion to dismiss the FAC with leave to amend ("FAC Order"), the Court dismissed claims pursuant to Fed. R. Civ. Proc. 12(b)(6) on the ground that reasonable consumers would not be misled by the phrase "PROTEIN PACKED" on Defendant's label because "there is no reason to think the term 'packed' refers to the overall grams of protein as opposed to the density of protein in relation to a small product. Any confusion that a reasonable consumer could plausibly feel would be clarified by the description of the number of grams of protein on both the front and back of the packaging." FAC Order at 10:24-28.

In the SAC, despite the Court's prior ruling, Plaintiff again alleged that the phrase

---

[1] *See also id.* at ¶ 4 ("[A]ll Products are labeled as 'PROTEIN PACKED' despite not being high in protein."); *see also id.* at ¶ 58 ("Plaintiff and the Class Members paid for Products that were high in protein but received Products that were not high in protein."); *see also id.* at ¶ 84 ("Defendant made representations that the Products are high in protein when the Products are not high in protein."); *see also id.* at ¶ 102-03 ("Defendant committed acts of false advertising…by misrepresenting that the Products were high in protein. Defendant knew or should have known through the exercise of reasonable care that its 'PROTEIN PACKED' representation…[was] false, misleading and/or deceptive.").

"PROTEIN PACKED" was deceptive and, added that "4G PLANT PROTEIN" on Defendant's front of package was also part of that deception (even though the Court ruled on the entirety of the package before). *See In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 794 (N.D. Cal. 2017) ("deceptiveness of a defendant's statement must be evaluated in context of whole advertisement"); *see also Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 n. 3 (9th Cir. 2008) (same). Plaintiff's addition of "4G PLANT PROTEIN" to the allegedly deceptive "PROTEIN PACKED" cannot save his claims because the Court already considered "PROTEIN PACKED" in the context of the entire label. This addition does not change one whit the fact that Plaintiff is simply trying to re-argue claims already rejected by the Court; he should have moved for reconsideration of the prior ruling instead.

On the other hand, Plaintiff ignores in his opposition Defendant's challenges to the new facts plead in the SAC. Plaintiff now claims the product labels mislead reasonable consumers because: (1) pursuant to the PDCAAS method for measuring protein, the products contained only 3.2 grams of protein available for absorption by the body and not the declared 4 grams on the front of the package due to the nature of plant protein; (2) PDCAAS should have been used to calculate the protein declaration on the front of the package; and (3) Plaintiff would not have bought the challenged product had Defendant declared percent Daily Value in the Nutrition Facts Panel based on PDCAAS as required by regulations because he would have seen that the product contained 6% Daily Value protein (at 3.2 grams) and not 8% (at 4 grams). SAC at ¶¶ 3-10; 89-91.[2] Plaintiff's

[2] *See also id.* at ¶ 30 ("The Products' front label protein claims are unlawful because Defendant did not: (1) calculate the 'corrected amount of protein per serving based on the quality of the product's protein using the PDCAAS method; and (2) provide a statement of that corrected amount of protein per serving in the [nutrition facts panel.]"); *see also id.* at ¶ 31 ("Defendant's failure to provide the required statement of the corrected amount of protein per serving, as well as Defendant's prominent front label protein claims made in the absence of any statement of the corrected amount of protein in the [nutrition facts panel], [] deceived and misled reasonable consumers into believing that a serving of the Products will provide the grams of protein represented on the label, when that is not true."); *see also id.* at ¶ 66 ("Defendant's use of a front-label protein claim, while failing to include the required statement of the corrected amount of protein per serving in the [nutrition facts panel] calculated using the PDCAAS method and expressed as a %DV, is [] misleading. By failing to provide it, Defendant misled consumers into believing that the Products provide a higher amount of protein than they really do."); *see also id.* at ¶ 78 ("[A] reasonable consumer would expect that when

theory of deception thus changed from being misled into thinking the product was "high" in protein (at 20% Daily Value) to claiming, implausibly, that he would have bought the product in question with just 8% Daily Value at 4 grams bioavailable protein, but not at 6% Daily Value with 3.2 grams.

Instead of addressing this implausibility, Plaintiff in the opposition instead reverts back to the same failed position he took in the FAC that the phrase "PROTEIN PACKED" allegedly "leads [consumers] to believe that the Product is a 'high protein' snack,…despite…fail[ing] to provide sufficient levels of protein to meet any of these levels[,]" and that "[w]ithout including the mandatory [percent Daily Value], the consumer cannot resolve [Defendant]'s deception." Opp. at 7:7-16. A plaintiff may not use the opposition to argue claims not in the complaint. *Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d at 966, 977 (N.D. Cal. 2016). The Court should disregard the arguments in the opposition that stray from the SAC and reject these same arguments as puffery, as it did previously.

**B. <u>Plaintiff's Failure To Respond To Defendant's Implausibility Argument Results In Abandonment Of His Claims.</u>**

All of Plaintiff's claims also should be dismissed because Plaintiff failed to address Defendant's primary argument that no reasonable consumer would be misled by Defendant's "PROTEIN PACKED" and "4G PLANT PROTEIN" front of package declarations, where the amount of available protein was allegedly 3.2 grams instead of 4 grams (6% versus 8% Daily Value). SAC, ¶¶ 89-91. Case law is clear that a failure to respond to arguments raised in a motion to dismiss results in waiver or abandonment of the claims or issues. *See, e.g. Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[i]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"); *see also Zakikhani v. Hyundai Motor Co.*, 2022 WL 1740034, *11 (C.D. Cal. Jan. 25, 2022) ("[p]laintiffs failed to respond to this argument in their opposition, which the Court construes as an abandonment of the claim"). For the

---

Defendant labels its Products as containing '4G PLANT PROTEIN,' as Defendant claims on the Product, it would provide 4 grams of protein per serving in a form their bodies could use.").

same reason, the Court also previously dismissed Plaintiff's FAC for failing to address the issue of preemption.

In the FAC, as noted, Plaintiff originally claimed he would not have bought the challenged product unless it was a "high" (20% Daily Value) source of protein as he was supposedly misled to believe, based on what he unreasonably interpreted "PROTEIN PACKED" to mean. FAC, ¶ 58. Now, he claims he would have bought the product if it had contained 4 grams of protein at 8% Daily Value available for use by the body, but not if he had known it was only 3.2 grams at 6% Daily Value. SAC, ¶¶ 89-91. As Defendant made clear in its moving papers, that difference in Plaintiff's buying decision for a 2% change in Daily Value (where Plaintiff originally wanted 20% Daily Value protein but now says he would have been satisfied with 8% Daily Value based on PDCAAS) is not plausible, and Plaintiff's complete failure to address this concedes the point.

Plaintiff's claims thus also should be dismissed without leave to amend for the additional reason that he contradicts himself in the facts alleged between the FAC and the SAC. For example, in the FAC, Plaintiff alleged that he "paid for Products that were high in protein [(reported by Plaintiff to be '20 percent or more of the RDI or the DRV')] but received Products that were not high in protein." FAC ¶¶ 30, 58. After this Court dismissed his FAC, Plaintiff changed course and alleged in the SAC that he "was looking for a product that would provide…4 grams of usable protein per serving [(*i.e.*, 8 percent Daily Value])" when he bought Defendant's products, and that he was damaged because the products contained "only approximately 3.2 grams [(*i.e.*, 6 percent Daily Value)] [] amount of protein per serving[.]" SAC ¶ 91. Both cannot be true—Plaintiff either desired a product with 20 percent Daily Value ***or*** 8 percent Daily Value. Plaintiff should not be allowed to change the entire basis of his claims when it is convenient for him.

Because every claim for relief alleged in the SAC depends on whether a reasonable consumer would be misled, the Court should dismiss all causes of action without leave to amend.

**C. <u>All Of Plaintiff's Claims Fail Because Contrary To Plaintiff's Contention, He Was Required (And Failed) To Plead Allegations With Specificity.</u>**

As explained in the motion to dismiss, Plaintiff's lack of specificity as to *why* 3.2 grams or 6 percent of Daily Value of protein is not acceptable, or what other products Plaintiff would have

bought and why, is fatal to Plaintiff's claims of deception. Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Rule 9(b) is triggered where a plaintiff "weaves allegations of fraud throughout the [complaint]," even where a claim for fraud is not listed in the complaint. *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1132 (S.D. Cal. 2021).

In his opposition, Plaintiff does not dispute that he must plead fraud with the requisite specificity, but erroneously claims that the "'why' is not required under Rule 9(b)." Opp. at 16:10. However, under Rule 9(b), Plaintiff "was required not simply to adequately plead that reasonable consumers are likely to be deceived" by Defendant's "PROTEIN PACKED" and "4G PLANT PROTEIN" claims, "but also *why* the designation[s] [are] false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, fn. 2 (9th Cir. 2018) (emphasis in original). Yet, Plaintiff has not alleged with specificity *why* the small difference between 6 and 8 percent Daily Value supports his claims from the standpoint of a reasonable consumer.

Nor can he. Despite the small difference in available protein, consumers may prefer plant-based protein to animal protein for any number of reasons, such as perceptions that plant-based foods are healthier, a desire to avoid animal products due to dietary restrictions, issues of sustainability, or animal cruelty. For this reason alone the Court should dismiss Plaintiff's claims without leave to amend.

Further, Plaintiff's allegations of deception based on Defendant's supposed "superiority claims" fail for lack of specificity. SAC, ¶ 91. As Defendant previously noted in its moving papers, *Rahman v. Mott's, LLP*, 2014 WL 1379655 (N.D. Cal. Apr. 8, 2014)) stands for the proposition that a plaintiff's superiority claims only survived a motion to dismiss after the plaintiff identified the competing product and explained "why reasonable consumers would be likely to draw product comparison conclusions based on the labeling at issue[.]" *Rahman*, 2014 WL 1379655 at *4; Mot. 10:21-11:3. Plaintiff's failure to do so here is also fatal to his claims of deception. Plaintiff claims that "[n]or do competing products need to be specifically identified to satisfy Rule 9(b)," but he cites no authority for this proposition. Opp. at 16:12-13.

Accordingly, for this additional reason the Court should dismiss Plaintiff's claims without leave to amend.

**D. <u>All Of Plaintiff's Claims Are Preempted</u>**

Dismissal of Plaintiff's claims are appropriate for the additional, independent reason that such claims are preempted by federal law (thus depriving the Court of subject matter jurisdiction). As explained in Defendant's moving papers, implied preemption arises because Plaintiff's lawsuit is an effort to enforce 21 C.F.R. § 101.54 and 21 C.F.R. § 101.9(c)(7) through the guise of a false advertising lawsuit based on state law. Such enforcement conflicts with Congress's decision not to afford private litigants like Plaintiff a right of action to enforce the FDCA or implementing FDA regulations. *See* 21 U.S.C. § 337(a); *Buckman Co. v. Plaintiffs' Legal Comm*., 531 U.S. 341, 353 (2001) (noting that private plaintiffs cannot bring claims that "exist solely by virtue of the FDCA"). In his opposition, Plaintiff contends that *Buckman* does not apply here because: (1) "[a]pplying *Buckman* preemption to deceptive food labels sweeps too broadly" (Opp. at 12:22-25); and (2) Plaintiff "is suing for conduct that violates the FDCA, but not because the conduct violates the FDCA" (*id*. at 12:5-6). Plaintiff's argument fails for several reasons.

***First***, in the recent case *Chong v. Kind LLC*, 585 F. Supp. 3d 1215 (N.D. Cal. 2022), *appeal dismissed*, 2022 WL 19552082 (9th Cir. Dec. 14, 2022), the plaintiffs argued that *Buckman* did not apply because their claims for violation of Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), Cal. Bus & Prof. Code § 17500, *et seq.* ("FAL"), and Cal. Civ. Code § 1750, *et seq*. ("CLRA"), for unjust enrichment, and other related claims—which were based on allegations that the defendant misled consumers by including statements about the amount of protein and failing to include a percent Daily Value figure in the nutrition facts panel—"parallel the FDA regulations." *Chong*, 585 F. Supp. 3d at 1219. The court in *Chong* rejected the plaintiffs' argument and dismissed all of the plaintiffs' claims without leave to amend, reasoning that the plaintiffs were "not pursuing pre-existing, traditional, state tort law claims, rather they rely on California's Sherman Law, which post-dates and is entirely depending upon the FDCA, in that it expressly adopts the FDCA and regulations as state law." *Id.*

Here, like in *Chong*, Plaintiff brings claims against Defendant for violation of the UCL, FAL, CLRA, and unjust enrichment on the ground that Defendant's product labels mislead reasonable consumers by including statements about the amount of protein and failing to include a percent Daily Value figure in the nutrition facts panel. SAC at ¶¶ 3-10. Plaintiff does not (and cannot) identify any traditional state tort law duty to refrain from making protein claims violative of the FDA or to include the percent Daily Value figure on the nutrition facts panel. Accordingly, like in *Chong*, this Court should find that *Buckman* applies and dismiss all of Plaintiff's claims without leave to amend.

***Second***, Plaintiff's contention that Plaintiff "is suing for conduct that violates the FDCA, but not because the conduct violates the FDCA" is simply false. (Opp. at 12:5-6.) In fact, Plaintiff plainly states in his opposition that "[b]ecause [Defendant] fails to include the [percent Daily Value] for protein, all protein-focused nutrient content claims are ***unauthorized under the FDCA***." *Id.* at 11:14-15 (emphasis added). Further, as stated in the motion to dismiss, courts have recognized that "the [FDCA's] public enforcement mechanism is thwarted if savvy plaintiffs can label as arising under state law for which there exists a private enforcement mechanism that in substance seeks to enforce the FDCA." *Somers v. Beiersdorf, Inc.*, 467 F. Supp. 3d 934, 930-40 (S.D. Cal. 2020) (internal quotations omitted).

***Third***, and perhaps most importantly, Plaintiff's claims in the SAC are "not consistent with" federal law and thus are expressly preempted. *See* 21 U.S.C. §343-1 (any state law "requirement for the nutrition labeling of food that is not identical to the requirement of section 343(q) of this title" is preempted). Section 343(q) pertains in pertinent part to the declaration of total protein contained in each serving size. 21 U.S.C. §343(q)(D). And, contrary to Plaintiff's new allegations in the SAC, FDA permits the use of the nitrogen testing method for declaring grams of total protein on the front of the package even if that testing methodology understates that amount of protein available for use by the body. 21 C.F.R. §101.9(c)(7); *Industry Resources on the Changes to the Nutrition Facts Label* , U.S. Food & Drug Administration (content current as of Jan. 11, 2022), https://www.fda.gov/food/food-labeling-nutrition/industry-resources-changes-nutrition-facts-label.

Plaintiff's new SAC allegations are thus directly preempted because Plaintiff's deception rests on the premise that Defendant should have used the PDCAAS method of calculating protein when declaring the grams of protein on the front of package. SAC, ¶¶ 5, 8: ("[t]he FDA required method for measuring protein quality is called the 'Protein Digestibility Corrected Amino Acid Score" – known by its acronym PDCAAS"); ("[a]ccordingly, the protein claims on the front of the package, such as "PROTEIN PACKED" and "4G PLANT PROTEIN" are unlawful in violation of parallel state and federal laws because Defendant did not comply with the regulatory requirements for making a protein claims. 21 CFR 101.9(c)(7)(i), 101.13(b), (n)"). Plaintiff is using state-law consumer deception statutes to require Defendant to declare protein on the front of the package based on the PDCAAS method, even though FDA permits such declarations based on the nitrogen method. Thus, Plaintiffs state-law deception claims are expressly preempted because they are "not consistent with" federal law.

And other courts, such as in *Chong*, *supra*, have considered and rejected on preemption grounds deception allegations similar to Plaintiff's claims that the phrase "4G PLANT PROTEIN" on Defendant's front of package misleads reasonable consumers because the 4 grams of protein was not calculated using the PDCAAS method. For example, earlier this year, the court in *Brown v. Food for Life Baking Co., Inc.*, 2023 WL 2637407 (N.D. Cal. Feb. 23, 2023) dismissed without leave to amend the plaintiffs' claims that the phrase "7g PLANT-BASED PROTEIN PER SERVING" on the front of a defendant's product labels were misleading because the 7 grams of protein was not calculated using the PDCAAS method, reasoning that the claims were preempted because "the FDA expressly allows front label protein claims based on the nitrogen method." *Food for Life*, 2023 WL 2637407 at *3. For these reasons, the Court should dismiss without leave to amend all of Plaintiff's claims on the ground that they are preempted.

**E. <u>A Split Of Authority Among District Courts Exists, And This Court Should Follow The String Of Decisions Dismissing Similar Claims Without Leave To Amend.</u>**

Plaintiff attempts to manufacture a recent trend in District Court decisions supposedly favoring his position that the phrases "PROTEIN PACKED" and "4G PLANT PROTEIN" on Defendant's product labels are likely to mislead reasonable consumers. Opp. at 1:24-3:12. In

reality, *at best* a split of authority currently exists, and the facts at issue here are more akin to the facts in the decisions where the District Courts granted motions to dismiss without leave to amend. For example, earlier this year (*i.e.*, ***February 2023***), the court in *Food for Life*, *supra*, dismissed without leave to amend plaintiffs' claims that the phrase "7g PLANT-BASED PROTEIN PER SERVING" on the front of a defendant's product labels was misleading because: (1) the 7 grams of protein was not calculated using the PDCAAS method for measuring protein; and (2) the defendant did not include the percent Daily Value in the nutrition facts panel. *Food for Life*, 2023 WL 2637407 at *3. The court in *Food for Life* explained that the claims were preempted because "the FDA expressly allows front label protein claims based on the nitrogen method," and "[f]inding [the phrase '7g PLANT-BASED PROTEIN PER SERVING'] misleading because of the lack of additional information in the [nutrition facts panel] about the quality of the protein would challenge conduct permitted by the FDA regulations." *Id.*

Further, in ***December 2022***, the court in *Chong*, *supra*, dismissed without leave to amend all of plaintiffs' claims that the manufacturer of a snack product misled consumers by: (1) including statements on the front of labels regarding the amount of protein in the snack, despite the fact that the snack purportedly contained "low quality, incomplete protein sources that are of little use to the human body;" and (2) failing to include a percent Daily Value figure in the nutrition facts panel. *Chong*, 585 F. Supp. 3d at 1216, 1219-20. The court in *Chong* ruled that "a correct reading of the regulations establishes that producers may state grams of protein outside the [n]utrition [f]acts panel calculated by the nitrogen method, and without adjustment for digestibility," such that the plaintiffs' claims were preempted. *Id.* at 1219-20.

Here, exactly like in *Food for Life* and *Chong*, Plaintiff alleges that the phrase "4G PLANT PROTEIN" on Defendant's product labels misleads reasonable consumers because: (1) the 4 grams of protein was not calculated using the PDCAAS method for measuring protein; and (2) Defendant did not include the percent Daily Value in the nutrition facts panel. SAC at ¶¶ 3-10. Accordingly, this Court should follow the *Food for Life* and *Chong* decisions by dismissing without leave to amend Plaintiff's claims on the ground that they are preempted. In addition, as previously noted, the Court can dismiss Plaintiff's allegations in the SAC as implausible because, as opposed to any

other reported decision, Plaintiff here has concocted an absurd argument that he would have bought the product if it had 8% Daily Value protein, but not 6% Daily Value.

Also, the facts in the District Court rulings Plaintiff cites in the opposition differ from the facts here, such that the rulings should not apply. For example, Plaintiff cites *Rausch v. Flatout, Inc.*, 2023 WL 2401452 (N.D. Cal. Mar. 8, 2023) to support his argument that Defendant's omission of the percent Daily Value misleads reasonable consumers. Opp. at 2:2-10 and 7:25-8:10. However, in *Rausch*, the label at issue stated only "6g protein" on the front, which the *Rausch* court found could deceive a reasonable consumer in light of the fact that the quality-adjusted percent was not included in the nutrition facts panel. *Rausch*, 2023 WL 2401452 at *5-6. Here, unlike in *Rausch*, Defendant makes no attempt to hide the fact that the product includes ***plant*** (not animal) protein—in fact, the phrase at issue here is "4G ***PLANT*** PROTEIN." In other words, unlike the phrase at issue in *Rausch* (which vaguely stated "6g protein") the phrase at issue here clarifies the ***type*** of protein (*e.g.*, "***plant*** protein"), and thus would ***not*** mislead a reasonable consumer because Defendant correctly discloses that plant protein is used instead of whey or other types of protein. *See Food for Life Baking Co., Inc.*, 2023 WL 2637407 at *3.[3]

Further, unlike here, the plaintiff in *Forrett v. Gourmet Nut Inc. II*, 2023 WL 3749556 (N.D. Cal. June 1, 2023) did not allege that the products contained less than the amount of protein claimed on the front of the package—instead, the plaintiff in *Gourmet Nut II* alleged that the defendant's products were "labeled as 'PROTEIN PACKED' despite neither being high in protein nor a good source of protein." (*Compare* SAC at ¶¶ 7-8 *with* First Amended Complaint in Case No. 5:22-cv-02045-BLF (Nov. 10, 2022) at ¶.) Also unlike in *Gourmet Nut II*, Defendant here argues that Plaintiff's contention that he expected 4 grams of protein to be available for his body to use, and not 3.2 grams, is implausible. (*Compare* Mot. at 7:18-27 *with* Gourmet Nut, Inc.'s Motion to Dismiss in Case No. 5:22-cv-02045-BLF (Dec. 16, 2022), *generally*.)

[3] Further, as discussed in the motion to dismiss, the court in *Rausch* discussed preemption only in passing, in one footnote with reference to another case, and in one sentence, concluding that the state-law claims were "identical" to federal law and thus not preempted. For the reasons explained in the motion and this reply brief, Plaintiff's claims here are preempted.

Moreover, also unlike here, the plaintiff in *Gourmet Nut II* did not allege that the PDCAAS method was required on the front label, and thus, the defendant in *Gourmet Nut II* did not argue that the plaintiff's claims were preempted on the ground that the FDA allows protein claims to be made on the front label using the nitrogen method for measuring protein. (*Compare* Mot. at 13:3-14 *with* Gourmet Nut, Inc.'s Motion to Dismiss in Case No. 5:22-cv-02045-BLF (Dec. 16, 2022), *generally*.) In turn, the court in *Gourmet Nut II* did not address preemption on that ground. *See, generally Gourmet Nut II*, 2023 WL 3749556.

Accordingly, the Court should follow the reasoning applied in the *Food for Life* and *Chong* cases—not in the *Rausch* and *Gourmet Nut II* cases—and find that all of Plaintiff's claims must be dismissed without leave to amend.

**F. <u>Plaintiff Lacks Standing To Assert Injunctive Relief.</u>**

Plaintiff does not have standing to seek injunctive relief. Plaintiff's contention that he would purchase Defendant's products again if they were "reformulated to ensure they provide, in a usable form, the amounts of quality protein that are represented on the labels, or their labels are changed to provide non-misleading information" (Opp. at 14:10-12) contradicts his plain and clear allegation in the SAC that he "would like to purchase products that provide 4 grams of protein per serving" (SAC at ¶ 92). Put another way, Plaintiff cannot claim both that he wants "100% bioavailable 4 grams of protein" and that he would buy Defendant's products if they were re-labeled to state that they contain 3.2 grams of protein.

And were the Court hypothetically to order Defendant to declare the percent Daily Value of protein in the Nutrition Facts on the back of the package, Plaintiff still would not know the grams of bioavailable protein in the product unless he tested for it because FDA law permits the declaration of grams of protein based on the nitrogen method that supposedly overstates the amount of bioavailable protein. Moreover, Plaintiff already knows that the declared values in grams of plant protein on the front of the package can overstate the amount of plant protein available for use by the body given his involvement in this case and *Gourmet Nut*, *supra*, so there is no harm here to be remedied. Plaintiff's reliance on *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) is misplaced because there, the plaintiff could not know whether the wipes were safely flushable as

advertised unless the plaintiff actually flushed the wipes and potentially harmed his drains.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff's Second Amended Complaint should be dismissed in its entirety, with prejudice.

Dated: June 21, 2023

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By ______________________________
CHRISTOPHER VAN GUNDY
ASHLEE C. DIFUNTORUM

Attorneys for Defendant
WEST THOMAS PARTNERS, LLC

PROOF OF SERVICE

John Forrett v. West Thomas Partners, LLC d/b/a GFB

5:22-cv-02048-NC

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On June 21, 2023, I served true copies of the following document(s) described as

**DEFENDANT WEST THOMAS PARTNERS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

on the interested parties in this action as follows:

**SERVICE LIST**

Christopher T. Aumais,
Christopher B. Good,
Ryan Gustafson,
**GOOD GUSTAFSON AUMAIS LLP** 2330
Westwood Boulevard, Suite 103
Los Angeles, California 90064
Telephone: (310) 274-4663
E-mail: cta@ggallp.com
cbg@ggallp.com
jrg@ggallp.com

Attorneys for Plaintiff
JOHN FORRETT

Steffan T. Keeton
**THE KEETON FIRM LLC**
100 S Commons, Ste. 102
Pittsburgh PA 15212
Tel: (888) 412-5291
Email: stkeeton@keetonfirm.com

Attorneys for Plaintiff
JOHN FORRETT

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 21, 2023 at San Francisco, California.

Justin Mychel Robinson-Williams